○

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 10-4174-JST (Ex)                      Date:  January 20, 2011
Title:  Intercontinental Industries Corporation v. Qingquan Luo et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

   Ellen Matheson                                        N/A
    Deputy Clerk                                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                          Not Present

**PROCEEDINGS:**    **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO AUTHORIZE ALTERNATIVE METHODS OF SERVICE OF PROCESS ON DEFENDANT (Doc. 6) WITHOUT PREJUDICE**

## I. INTRODUCTION AND BACKGROUND

On June 4, 2010, Plaintiff Intercontinental Industries Corporation ("Intercontinental") filed suit against Defendant Qingquan Luo, an individual who resides in the city of Wuhan in the Hubei Province, China, alleging claims for fraud and violations of Civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964. (*See generally* Compl., Doc. 1).

As alleged, Intercontinental is a California corporation involved in the business of manufacturing and distributing machinery; Luo is an individual who, at all relevant times, was the Chinese Communist Party Secretary of the Hubei Province and an entrepreneur doing business under a company known as Wuhan State Owned Industrial Holding Co., Ltd. ("WSOIH"). (Compl., ¶¶ 1-2.) Intercontinental alleges that Luo, along with other Doe defendants, fraudulently induced Intercontinental to invest substantial sums of money with WSOIH. (*Id.* ¶¶ 12-17.)

Intercontinental has attempted to provide service to Luo through the Central Authority in China pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), which the Central Authority rejected. (Li Decl., Doc. 6-1, Exh. B.) To date, Intercontinental has been unable to effectuate service upon Luo, and Luo has not made an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  CV 10-4174-JST (Ex) | Date:  January 20, 2011 |
| Title:  Intercontinental Industries Corporation v. Qingquan Luo et al. | |

appearance in this matter.  Intercontinental now moves for alternative service of process on Luo pursuant to Federal Rule of Civil Procedure 4(f)(3).  (Pl.'s Mot., Doc. 6, at 1.)

The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  Accordingly, the hearing set for January 10, 2011, at 10:00 a.m., is removed from the calendar.  For the reasons stated below, the Court DENIES Intercontintental's Motion to Authorize Alternative Methods of Service of Process on Luo without prejudice.

## II. LEGAL STANDARD

Rule 4(f)(3) provides that "an individual . . . may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court.'"  *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)).  "[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)" and "is merely one means among several which enables service of process on an international defendant."  *Rio Props.*, 284 F.3d at 1015.  "Even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process."  *Id.* at 1016.  "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Id.* (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

## III.     DISCUSSION

Intercontinental requests alternative service on Luo through commercial courier and/or publication.[1]  (Pl.'s Mot. at 6-10.)  Intercontinental has a known address for Luo

---

[1] In the Conclusion of its Motion, Intercontinental references service by "email."  (Pl.'s Mot. at 11.)  This is the first and only time Intercontinental references such means of service, failing to provide any accompanying authority or argument as to why service by email would be appropriate in this case.  Further, Intercontinental does not provide an email address for Luo, so

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  CV 10-4174-JST (Ex) | Date:  January 20, 2011 |
| Title:  Intercontinental Industries Corporation v. Qingquan Luo et al. | |

and has allegedly delivered actual notice of this suit to Luo via FedEx.  (Pl.'s Mot. 7-8; Li Decl., Exh. C.)  For the Court to direct any of these methods of alternative service, they must satisfy Rule 4(f)(3) and constitutional notions of due process.  The Court reviews Rule 4(f)(3) and due process in turn.

### A. Rule 4(f)(3)

To satisfy Rule 4(f)(3), the service "must be (1) directed by the court; and (2) not prohibited by international agreement."  *Rio Props.*, 284 F.3d at 1014.  China and the United States are both signatories to the Hague Convention.  Article 10(a) of the Hague Convention states that: "Provided the State of destination does not object, the present Convention shall not interfere with the freedom to send judicial documents, *by postal channels*, directly to persons abroad."  Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, art. 10(a) (emphasis added).  China has objected to service by postal channels under Article 10(a).  Hague Convention, China Declaration Notification, ¶ 3, *available at* http://www.hcch.net/index_en.php?act=status.comment&csid=393&disp=resdn (declaring "to oppose the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention").  Courts have interpreted this to mean that "[s]ervice therefore cannot be effected by postal channels" in China.  *In re LDK Solar Secs. Litig.*, No. C07-05182, 2008 WL 2415186, at *1 (N.D. Cal. June 12, 2008).

As to service by publication, publishing notice in the press is certainly not service by "postal channel[], directly to persons abroad."  Thus, the Hague Convention does not prohibit service by publication in China.  The Court is also not aware of any other international agreement that does so.

Whether a commercial courier constitutes a postal channel under the Hague Convention poses a wholly different question and a matter of first impression in the Ninth Circuit.  The Hague Convention does not define "postal channel."  *Practical Handbook on the Operation of the Hague Convention of 15 November 1965 On the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters* 69 (3d ed.

---

the Court is not convinced that service by email would be reasonably calculated to apprise Luo of this action.  *Rio Props.*, 284 F.3d at 1016.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 10-4174-JST (Ex) | Date: January 20, 2011 |
| Title: Intercontinental Industries Corporation v. Qingquan Luo et al. | |

2006). The Permanent Bureau of the Hague Conference on Private International Law has held, however, that postal channel "certainly covers sending by letter post, certified mail and registered deliveries . . . [and] telegrams and telex." *Id.* The Permanent Bureau has also noted that:

> private courier services offer the same security as domestic postal services, while usually being faster. In addition, pursuant to the wave of privatization in the postal sector, the distinction between public and private services has tended to blur. It is difficult to see, therefore, what would prevent a private courier service from being treated as a postal channel within the meaning of the Convention.

*Id.* at 70. The 2003 Special Commission on the Practical Operation of the Hague Apostille, Evidence and Service Conventions "concluded that for the purposes of Article 10(a) the use of a private courier was the equivalent of the postal channel." *Id.*

      Although the Permanent Bureau has provided this guidance, the Ninth Circuit has yet to decide whether a private courier is a postal channel under the Hague Convention. *Cf. Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1430-31 (9th Cir. 1996) (holding that service by a private courier does not qualify as service by "mail" under Rule 4). Other district courts, however, have treated private couriers as such. *Casio Computer Co., Ltd. v. Sayo*, No. 98CV3772, 2000 WL 1877516, at *28 (S.D.N.Y. Oct. 13, 2000) (recognizing service by "overnight courier" as process made by "postal channels" under the Hague Convention); *see generally R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F. Supp. 1100 (D. Nev. 1996) (recognizing service by private courier as service through "postal channels" under the Hague Convention). In light of China's objection to service by postal channels, the Permanent Bureau's position that private couriers should be treated as postal channels under the Hague Convention, and other courts' treatment of private couriers as postal channels, the Court cannot authorize service to Luo through a commercial carrier pursuant to 4(f)(3) as it is prohibited by an international agreement.

### B. Constitutional Notions of Due Process

      Because service by publication in China is not prohibited by an international agreement, the Court must determine whether service by publication would be 'reasonably calculated, under all the circumstances, to apprise [Luo] of the pendency of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 10-4174-JST (Ex)                       Date: January 20, 2011

Title: Intercontinental Industries Corporation v. Qingquan Luo et al.

the action and afford [him] an opportunity to present [his] objections.'" *Rio Props.*, 284 F.3d at 1016. The Court finds that it would not.

      As a general matter, notice by publication is usually reserved for unknown interested parties. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317-18 (1950). As to known interested parties, notice by publication is usually inadequate because "it is not reasonably calculated to reach those who could easily be informed by other means at hand." *Id.* at 319; *see Dusenbery v. United States*, 534 U.S. 161, 177 (2002) (recognizing that "[i]n a series of cases following *Mullane*, the [Supreme] Court similarly condemned notice by publication or posting as not reasonably calculated to inform persons with known interests in a proceeding.").

      Noting this, Intercontinental fails to convince the Court that Luo, a known interested party with a known mailing address, would be apprised of this case through publication. Intercontinental merely states that it is "likely to give notice by publication in the legal notices section of international publications of general circulation that are in fact distributed in China." (Pl.'s Mot. at 9-10.) Intercontinental then lists examples of potential publications to be utilized, such as *The Hong Kong Standard*, *Financial Times*, or *International Herald Tribune*. *Id.* at 10. Nowhere in its Motion, however, does Intercontinental explain why such publication is reasonably calculated to inform Luo of this action. For example, Intercontinental does not provide evidence concerning what specific publications are prevalent in the city of Wuhan in the Hubei Province and therefore why such publication would reach Luo.

      The Court recognizes that, in light of China's Central Authority's refusal to serve Luo in this action (Pl.'s Mot. at 2) and China's general objection to service through postal channels, Intercontinental seems to lack another means to serve Luo, leaving publication as seemingly the last resort. The Court notes, however, that other courts in similar situations have fashioned other means of service beyond publication. *See, e.g.*, *In re LDK*, 2008 WL 2415186 at *1-4 (authorizing service on individual officers of a Chinese corporation through service to the corporation's California office). Furthermore, in order to approve service through alternative means, the Court must be confident that the alternative method is reasonably calculated to reach the unserved party as to satisfy constitutional notions of due process. *Rio Props.*, 284 F.3d at 1016. Based on Intercontinental's Motion, the Court lacks such confidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 10-4174-JST (Ex)                                                          Date:  January 20, 2011
Title:  Intercontinental Industries Corporation v. Qingquan Luo et al.

## IV.  CONCLUSION

For the reasons stated above, the Court DENIES Intercontinental's Motion to Authorize Alternative Methods of Service of Process on Luo without prejudice.  Any future motion seeking an alternative method of service upon Luo shall address why the proposed alternative methods of service are not "postal channels" barred by China's objection to Article 10 of the Hague Convention and, likewise, why such methods sufficiently satisfy constitutional notions of due process.

Initials of Preparer:  enm